# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Criminal Action No. 5:04-cr-90 |
| : | |
| **WILLIAM MARION ROGERS.** : | |

## ORDER

Before the Court is a document filed by William Marion Rogers ("Rogers") entitled "Motion for Correction of Sentence Pursuant to Federal Rules of Criminal Procedure Rule 36" (Doc. 28). For the reasons set forth below, the Motion is denied.

**I.      BACKGROUND**

On December 23, 2004, Rogers pleaded guilty to a one-count Indictment for Possession of an Unregistered Destructive Device. (Doc. 18.) United States District Judge Duross Fitzpatrick sentenced Rogers to a term of imprisonment of 48 months to be served concurrently with probation revocation sentences imposed in Case No. 03-CR-193 from Putnam County, Georgia and Case No. 01-CR-286 from Morgan County, Georgia. (Doc. 24.) Rogers chose not to file a direct appeal of his conviction or his sentence, however he has now filed the present Motion seeking to "correct" his sentence.

**II.     ANALYSIS**

   **A.      Rule 36**

1

Rule 36 of the Federal Rules of Criminal Procedure authorizes district courts to correct "[c]lerical mistakes in judgments . . . arising from oversight or omission . . . at any time." Fed. R. Crim. P. 36. However, the United States Court of Appeals for the Eleventh Circuit has made it clear that while "Rule 36 can be used to correct 'clerical' errors; it cannot be used . . . to make a substantive alteration to a criminal sentence." United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003). District courts do not possess "some sort of inherent authority to modify a sentence." United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Accordingly, Rogers attempted reliance on Rule 36 to make a substantive change in his sentence is misguided.

### B.  Nunc Pro Tunc Designation

Despite styling his Motion as one made pursuant to Rule 36, Rogers' fundamental claim is that he should receive credit for the entire time he was in federal custody and that any time he served in state prison should be credited toward his federal sentence. Calculation of a term of federal imprisonment is governed by 18 U.S.C.A. § 3585, which specifies when a sentence commences, see 18 U.S.C.A. § 3585(a) (West 2000), and when a defendant is to be given credit for prior custody. See 18 U.S.C.A. § 3585(b) (West 2000). Section 3585(b) is not a grant of jurisdiction to the district courts. The Supreme Court of the United States has directed that the Bureau of Prisons ("BOP"), acting on behalf of the Attorney General, must make the determination of how much credit is to be given under § 3585(b). United States v. Wilson, 503 U.S. 329, 333 (1992). A defendant who is dissatisfied with the Attorney General's determination must raise his challenge with the BOP by following a

complex administrative process. See 28 C.F.R. §§ 542.10 to 542.19 (2006) (detailing the steps for obtaining administrative review). However, once he has exhausted his administrative remedies, if he is still dissatisfied with the Attorney General's computation, the defendant may seek review in the federal district court. United States v. Wilson, 997 F.2d 208, 209 (6th Cir. 1993). If a defendant fails to exhaust his administrative remedies, the district court is without jurisdiction to consider an application for credit. See United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005); United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991).

Rogers has made no showing that he has completed the complex administrative process involved in a challenge to a BOP determination related to confinement. See 28 C.F.R. §§ 542.10 to 542.19 (2006). Absent a showing from Rogers that he has exhausted his administrative remedies, so as to confer jurisdiction on the Court to entertain his challenge to the credit he has received, the Court finds that it is without jurisdiction to entertain the Motion.[1]

### III. CONCLUSION

The "Motion for Correction of Sentence Pursuant to Federal Rules of Criminal Procedure Rule 36" (Doc. 28) filed by Rogers is denied.

**SO ORDERED**, this 14th day of August, 2007.

---

[1] Should Rogers be able to show that he has exhausted his administrative remedies, he should be aware that the proper vehicle for a challenge to the length of his confinement would be a § 2241 petition for habeas corpus brought against the warden of the prison facility where he is being held and filed in the district court having territorial jurisdiction over that prison.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl